UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUILLON EDWARD CLEMONS,<br><br>                      Plaintiff,<br>    v.<br><br>SHERIFF PAUL PASTOR, MARTHA KARR, JUDY SNOW, MAURY SCOTT, and OFFICER NIELS,<br><br>                      Defendants. | No. C11-5133 RBL/KLS<br><br>ORDER TO SHOW CAUSE OR FILE AN AMENDED COMLAINT |

Before the court is the proposed civil rights complaint of Plaintiff Quillon Edward Clemons. ECF No. 1. Plaintiff purports to sue Sheriff Paul Pastor, Martha Karr, Judy Snow, Maury Scott, and Officer Niels for the temperature in his cell, failure to train subordinates, lack of medical attention, bad food, his bunk assignment, and excessive noise.

On December 22, 2010, Plaintiff was granted leave to file an amended complaint in *Clemons v. Pastor,* Case No. C10-5235RJB, relating to his claims of: (1) lack of medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. ECF No. 43. Plaintiff was advised that his amended complaint should state facts relating to these claims only and that he is required to show how each defendant personally participated in the alleged violation of his constitutional rights. Plaintiff was given until January 14, 2011 to file his amended complaint. *Id.* On January 9, 2011, Plaintiff submitted a 34 page "Report and Brief in Support of a § 1983 Civil Action." ECF No. 46. The filing consisted almost entirely of legal citations and conclusions. On January 19, 2011, the

ORDER TO AMEND OR SHOW CAUSE- 1

court again ordered Plaintiff to file his amended complaint or show cause why he had not complied with the court's order directing him to do so. ECF No. 47.

Instead of filing an amended complaint in Case No. C10-5235RJB/KLS, Plaintiff filed a complaint in this action. Here, he purports to sue the same individuals, Sheriff Paul Pastor, Martha Karr, Judy Snow, and Maury Scott, although he names one new individual (Officer Neils) and omits one other individual (Erika Zimmerman).

Plaintiff has received repeated opportunities and careful instructions on how he should proceed with repleading the claims remaining in Case No. C10-5235RJB/KLS. His claims relating to the failure to process grievances and food were dismissed. He was given an opportunity to replead claims relating to (1) medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. ECF No. 43. He has not done so. Plaintiff may not now attempt to raise these same claims in a new case. If Plaintiff has viable claims that the named defendants violated his constitutional rights in a manner separate from those claims already covered in Case No. C10-5235RJB/KLS, he may bring them here.

If Plaintiff chooses to file an amended complaint, he must set forth in the amended complaint, all of the facts and claims for relief related to his claims (other than those already stated in Case No. C10-5235RJB/KLS). Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

ORDER TO AMEND OR SHOW CAUSE- 2

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff **shall present his complaint on the form provided by the court**.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.  The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the

ORDER TO AMEND OR SHOW CAUSE- 3

issues raised herein on or before **April 8, 2011**, the court will recommend dismissal of this action as frivolous as to the unnamed defendants, pursuant to 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

(2)    **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

DATED this  17  day of March, 2011.

*(signature)*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 4