UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILLON EDWARD CLEMONS,

                Plaintiff,

   v.

SHERIFF PAUL PASTOR, MARTHA KARR, JUDY SNOW, MAURY SCOTT, and OFFICER NEILS,

                Defendants.

No. C11-5133 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: April 15, 2011**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is a letter from Plaintiff Quillon Edward Clemons, filed in *Clemons v. Pastor,* Case No. C10-5235RJB, advising the Court that this action was filed in error. ECF No. 56 (therein). Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

On December 22, 2010, Plaintiff was granted leave to file an amended complaint in *Clemons v. Pastor,* Case No. C10-5235RJB, relating to his claims of: (1) lack of medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. ECF No. 43. Plaintiff was advised that his amended complaint should state facts relating to these claims only and that he is required to show how each defendant personally participated in the alleged violation of his constitutional rights. Plaintiff was given

ORDER - 1

until January 14, 2011 to file his amended complaint. *Id.* On January 9, 2011, Plaintiff submitted a 34 page "Report and Brief in Support of a § 1983 Civil Action." ECF No. 46. The filing consisted almost entirely of legal citations and conclusions. On January 19, 2011, the court again ordered Plaintiff to file his amended complaint or show cause why he had not complied with the court's order directing him to do so. ECF No. 47.

Instead of filing an amended complaint in Case No. C10-5235RJB/KLS, Plaintiff filed a complaint in this action. Here, he purports to sue the same individuals, Sheriff Paul Pastor, Martha Karr, Judy Snow, and Maury Scott, although he names one new individual (Officer Neils) and omits one other individual (Erika Zimmerman).

Plaintiff was ordered to show cause why his case should not be dismissed or to amend his complaint to allege constitutional violations other than those already stated in Case No. C10-5235 RJB/KLS. On March 22, 2011, Plaintiff filed a letter addressed to the Court Clerk referencing both C10-5235 RJB/KLS and C11-5133 RLB/KLS, stating that the "subsequent filing of the civil action C11-5133 RBL/KLS was a complete misunderstanding. " He also states that it should "be made clear that he was not looking to file a separate cause in civil action." ECF No. 56 (C10-5235 RJB/KLS).

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

The undersigned recommend that the Court dismiss this action without prejudice. Plaintiff has indicated that the action was filed in error and that he will be amending his complaint as instructed in Case No. C10-5235 RJB/KLS.

ORDER - 2

**CONCLUSION**

The Court should dismiss this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 15, 2011**, as noted in the caption.

**DATED** this  30th  day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3